**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TERRELL BROWN a/k/a MARCUS HOWARD<br><br>Petitioner,<br><br>v.<br><br>DONNA ZICKEFOOSE,<br><br>Respondent. | Civil Action No.<br><br>11-3330 (RBK)<br><br>**MEMORANDUM OPINION AND ORDER** |

This matter comes before the Court upon Petitioner's submission of application seeking § 2241 habeas corpus relief ("Petition"), and it appearing that:

1. While the legal issues presented by the Petition are not complex, the procedural history of Petitioner's prior applications filed in this District and other federal courts requires a detailed review.

   a. On November 8, 2011, a criminal complaint was filed in the United States District Court for the Northern District of Indiana ("District of Indiana") against Petitioner and certain Eric J. Edwards and Akimie L. Gale; that complaint gave rise to the United States of America v. Edwards et al., Crim. Action No. 01-0100 (RLM) (N. D. Ind.), proceedings. In 2002, Petitioner was

convicted on a panopoly of drug-related offenses. See id. Docket Entry No. 75. On September 10, 2002, Petitioner was sentenced on the basis of these offenses, see id.; apparently, in light of Petitioner's prior conviction (rendered, seemingly, by a state court in Wisconsin, on the grounds of a vehicular homicide committed by Petitioner), Petitioner was sentenced to an enhanced sentence. See id., Docket Entries No. 76-78.

b. Petitioner appealed (either his conviction or his sentence, or both) to the United States Court of Appeals for the Seventh Circuit ("Seventh Circuit"), see id., Docket Entry No. 79, and the Seventh Circuit affirmed the District of Indiana determination. See id. Docket Entry Nos. 98.

c. On the date of the aforesaid affirmance, Petitioner filed his § 2255 motion, that motion was later amended and, following that amendment, duplicated once again. See id. Docket Entries Nos. 97, 100 and 105. On June 29, 2004, the District of Indiana denied Petitioner's § 2255 motion. See id., Docket Entry No. 123.

d. On July 15, 2004, Petitioner appealed denial of his § 2255 motion, see id., Docket Entry No. 124; that appeal was dismissed by the Seventh Circuit on April 5, 2005. See id., Docket Entry No. 136. Following this dismissal,

Petitioner filed a fleet of applications with the District of Indiana, including another § 2255 motion and an application for correction of sentence under Fed. R. Crim. P 35. See id., Docket Entries Nos. 137 and 141. On February 6, 2006, the District of Indiana dismissed Petitioner's latest § 2255 motion for want of jurisdiction, as second/successive. See id., Docket Entry No. 142. Petitioner immediately moved for reconsideration, which too was denied. See id., Docket Entries Nos. 143 and 144.

e. Two years went by and, in February 2008, Petitioner moved for "crack-cocaine" re-sentencing. See id., Docket Entries No. 163 and 172. On June 5, 2008, Petitioner's application to that effect was also denied by the District of Indiana. See Docket Entry No. 173.

f. On November 16, 2011, Petitioner filed a § 2241 habeas petition in this District, see Howard v. United States, Civ. Action No. 10-5977 (RBK) (NJD); in that petition he asserted that the sentence enhancement applied by the District of Indiana to Petitioner's federal sentence (ensuing from his conviction on drug-related offenses) was improper because, in light of the holding of Begay v. United States, 553 U.S. 137 (2008), Petitioner's conviction rendered by Wisconsin state court (on the

grounds of Petitioner's vehicular homicide) should not have operated as a valid basis for enhancement of Petitioner's federal sentence. See id., Docket Entry No. 1.

g. However, in April 2011, Petitioner informed this Court that he wished to withdraw his § 2241 petition because he applied to the Seventh Circuit for leave to file second/successive § 2255 application asserting the very same Begay-based challenges. See id., Docket Entry No. 3. Correspondingly, this Court granted Petitioner's request for withdrawal, while stressing that the Court's determination shall not be construed as expressing the Court's opinion about substantive or procedural validity of invalidity of Petitioner's § 2241 petition or his new § 2255 endeavors. See id., Docket Entry No. 4.

h. Shortly thereafter, Petitioner filed the Petition at bar, see Instant Matter, Docket Entry No. 1; the Petition asserted the very same Begay-based challenges (i.e., Petitioner alleged that the District of Indiana improperly enhanced Petitioner's sentence on the basis of Petitioner's Wisconsin state conviction). See id. Petitioner also alleged that this Court has Section 2241 jurisdiction to hear Petitioner's challenges, see id.; in support of that assertion Petitioner relied on the order

he received from the Seventh Circuit in response to his application for leave to file second/successive § 2255 motion. See id., Docket Entry No. 1, at 18. Specifically, that order read:

> Terrell Brown has filed an application pursuant to 28 U.S.C. § 2244(b)(3), seeking authorization to file a successive collateral attack under § 2255. Brown proposes an attack on the sentencing court's career offender determination in reliance on Begay v. United States, 553 U.S. 137 (2008). But Begay does not announce a constitutional rule as is required for authorization under § 2244(b)(2)(A) & 2255(h)(2). See Welch v. United States, 604 F.3d 408 (7th Cir. 2010) (Chambers v. United States, 555 U.S. 122 (2009), and Begay announce substantive rules, not rules arising from the Constitution). Accordingly,
>
> We DENY authorization and DISMISS Brown's application. We note, however, that the dismissal is without prejudice to any attempt by Brown to obtain relief under Begay in an action pursuant to 28 U.S.C. § 2241. See United States v. Prevatte, 300 F.3d 792 (7th Cir. 2002); In re Davenport, 147 F.3d 605 (7th Cir. 1998).

Id. (capitalization in original).

i. The Petition at bar contains extended discussion as to why, in Petitioner's opinion, this Court has § 2241 jurisdiction to grant him relief. See generally, Instant Matter, Docket Entry No. 1. There appears to be no doubt that Petitioner's position to that effect derives directly from the

second paragraph of the above-quoted Seventh Circuit order.

2. While, in light of the second paragraph of the above-quoted Seventh Circuit order, there is little wonder why Petitioner is under impression that his application is properly filed with this Court under Section 2241, Petitioner errs. **This Court is without jurisdiction under § 2241 to entertain the Petition.** A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U.S.C. § 2243. Thus, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir.), cert. denied, 490 U.S. 1025 (1985).

3. Section 2241 of Title 28 of the United States Code provides in relevant part:

> The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3). As a result of the practical difficulties encountered in hearing a challenge to a federal

sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court.[1] See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952). Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). This is because § 2255 expressly

---

[1] The addition of 28 U.S.C. § 2255 was deemed necessary because a § 2241 petition must be filed in the district where the prisoner is confined and "the few District courts in whose territorial jurisdiction major federal penal institutions are located were required to handle an inordinate number of habeas corpus actions far from the scene of the facts . . . solely because of the fortuitous concentration of federal prisoners within the district." United States v. Hayman, 342 U.S. 205, 213-14 (1952).

prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of the petitioner's detention.[2] See 28 U.S.C. § 2255. Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255; see Cradle v. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d at 251. A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. (emphasis supplied). Indeed, "Section 2255 is not 'inadequate or ineffective' merely

---

2 The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977).

because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Id. at 539.[3]

4. Here, Petitioner does not assert any grounds as to why Section 2255 would be "inadequate or ineffective" remedy to address his challenges to his federal sentence. All he asserts is that his federal sentence was erroneously enhanced. This Court, however, has no § 2241 jurisdiction to second guess the decision of Petitioner's federal sentencing court: that has been established time and again in this Circuit. See, e.g.,

[3] In Dorsainvil, the Court of Appeals held that the remedy provided by § 2255 is "inadequate or ineffective" (hence, permitting resort to § 2241, a statute without timeliness or successive petition limitations), only where it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. See In re Dorsainvil, 119 F.3d at 251-52. The Dorsainvil exception, however, is facially inapplicable to the case at bar simply because there is no Supreme Court precedent suggesting, even vaguely, that Petitioner's drug-related offenses underlying his federal conviction are not a criminal conduct. In other words, Petitioner conflates the Supreme Court holding in Begay v. United States, 553 U.S. 137 (concluding that driving under influence is, indeed, a criminal conduct too, but it is not a violent felony), with the District of Indiana's finding of Petitioner's guilt on drug-related charges.

Rhines v. Holt, 2011 U.S. App. LEXIS 13606 (3d Cir. June 30, 2011) (affirming dismissal of § 2241 petition on want of jurisdiction grounds where the petitioner – as Petitioner here – asserted that he was "actually innocent" of the sentence enhancement applied to him); United States v. McKeithan, 2011 U.S. App. LEXIS 11710 (3d Cir. June 8, 2011) (same); Delgado v. Zickefoos, 2011 U.S. App. LEXIS 11468 (3d Cir. June 7, 2011) (same, addressing a § 2241 petition substantively indistinguishable from the Petition at bar); Florez-Montano v. Scism, 2011 U.S. App. LEXIS 11308 (3d Cir. June 2, 2011) (same); Edmonds v. United States, 2011 U.S. App. LEXIS 9988 (3d Cir. N.J. May 16, 2011) (same).

5. Moreover, addressing § 2241 sentence-enhancement challenges based expressly on the holding of Begay, the Court of Appeals unambiguously concluded that such challenges are

> insufficient [to invoke] § 2241. § 2255; see also Cradle v. United States, 290 F.3d 536, 538-39 (3d Cir. 2002). In Dorsainvil we held that § 2241 can be used to challenge a *conviction for a crime* that was negated by an intervening change in the law. [See] 119 F.3d at 249. But such relief is available only in "rare situations" where *the crime of conviction was later deemed non-criminal*. [See] Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). *Section 2241 is not available for intervening changes in the sentencing law*. Id. For example, we did not allow Okereke to proceed under § 2241 because his argument was based on "Apprendi [which] dealt with sentencing and did not render . . . the crime for which Okereke was convicted, not criminal." Id. at 120. 2

United States v. Kenney, 391 Fed. App'x 169, 172 (3d Cir.

2010) (emphasis supplied, footnote omitted).

6. In its Kenney opinion, the Court of Appeals noted, in a footnote, that

> [t]he Court of Appeals for the Eleventh Circuit has held that § 2241 applies even to sentencing claims, and therefore allowed an inmate in a position substantially similar to Kenney's to proceed to the merits of his claim. [See] Gilbert v. United States, 609 F.3d 1159 (11th Cir. 2010). We reject that holding as contrary to Okereke. Furthermore, Gilbert reasoned that "[f]or federal sentencing purposes, the act of being a career offender is essentially a separate offense, with separate elements (two felony convictions; for violent felonies), which must be proved, for which separate and additional punishment is provided." 609 F.3d 1159. Therefore, it held that career offender enhancements should be treated the same as enhancements from non-capital to capital sentences, which can be reviewed under § 2241. Id. The career offender enhancement is not a separate offense, however. If it were, its elements would need to be proven to a jury beyond a reasonable doubt. [See] United States v. Howard, 599 F.3d 269, 271-72 (3d Cir. 2010) ("The government bears the burden of establishing by a preponderance of the evidence, prior convictions and career offender status"). In contrast, the enhancement to a capital sentence from a non-capital sentence must be proven to a jury beyond a reasonable doubt. E.g., Sattazahn v. Pennsylvania, 537 U.S. 101, 106 (2003) (citing Bullington v. Missouri, 451 U.S. 430 (1981)).

Id., n. 2.

7. Consequently, under the Third Circuit law, which binds this Court, the Petition at bar is subject to dismissal for want of jurisdiction. This Court is not in the position to render on the observations made to Petitioner by the Seventh Circuit as to this Court's § 2241 jurisdiction to hear Petitioner claims:

while the holdings of both cases cited in the Seventh Circuit order appear to be substantively identical to those reached by the Court of Appeals for the Third Circuit in Dorsainvil and Okereke, see United States v. Prevatte, 300 F.3d 792, 798, 802 (7th Cir. 2002) (section 2255's "'savings clause' for petitioners who may be barred by the successive petition requirements contained in the statute" permits federal prisoner's filing of section 2241 petition to challenge "*conviction* by alleging that, due to an intervening decision of the Supreme Court of the United States [in Jones v. United States, 529 U.S. 848 (2000)] that narrows significantly the statute under which he was convicted, he stands convicted of having committed an act that Congress did not intend to *criminalize*") (emphasis supplied); In re Davenport, 147 F.3d 605, 609 (7th Cir. 1998) ("Because the Constitution forbids the suspension of the writ of habeas corpus except in a situation of rebellion or invasion, U.S. Const. art. I, § 9, cl.2, outright abolition of habeas corpus for federal prisoners might conceivably have been held to violate the Constitution. Whether for this or other reasons (the legislative history is uninformative), Congress created a safety hatch: if section 2255 proved in a particular case not to be an *adequate substitute* for habeas corpus, the prisoner could seek habeas corpus. This would block any argument that

Congress was suspending the writ") (emphasis supplied), this Court cannot exclude the possibility that the Seventh Circuit's current reading of its Prevatte and Davenport decisions is, nonetheless, different from Dorsainvil and Okereke but analogous to the Eleventh Circuit's hard-to-justify holding articulated in Gilbert v. United States, 609 F.3d 1159. However, such possibility is of no import for the purposes of the analysis conducted by this Court here, under the precedent rendered by the Court of Appeals for the Third Circuit.

8. Being mindful of the confusion likely to be suffered by Petitioner in light of the somewhat incongruent statements made to him by the Seventh Circuit and this Court, the Court will promptly dismiss Petitioner's instant Petition with prejudice on the grounds of want of Section 2241 jurisdiction; the Court will expressly withdraw its jurisdiction over this matter in order to expedite Petitioner's appeal to the Court of Appeals for the Third Circuit, that is, in the event Petitioner wishes to seek such appellate review.

IT IS, therefore, on this 15th day of August , 2011,

ORDERED that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is DISMISSED for lack of jurisdiction;[4] and it

[4] In light of the procedural history of Petitioner's § 2255 endeavors, this Court finds it not in the interests of justice to construe the Petition as Petitioner's Section 2255 motion, and

is further

ORDERED that this Court withdraws its jurisdiction over the instant matter, hence ripening it for appeal; and it is further

ORDERED that the Clerk shall serve a copy of this Memorandum Opinion and Order upon Petitioner by certified mail, return receipt requested; and it is finally

ORDERED that the Clerk shall close the file on this matter.

s/Robert B. Kugler
**ROBERT B. KUGLER**
**United States District Judge**

---

will not forward it to either the Seventh Circuit or to the District of Indiana.