## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____ :
TERRELL BROWN a/k/a            :
MARCUS HOWARD                  :          Civil Action No.
                               :
           Petitioner,         :          11-3330 (RBK)
                               :
        v.                     :          **MEMORANDUM OPINION**
                               :          **AND ORDER**
DONNA ZICKEFOOSE,              :
                               :
           Respondent.         :
_____ :


This matter comes before the Court upon Petitioner's submission of a document titled "Appellant's Memorandum In Opposition to Summary Judgment," see Docket Entry No. 7, and it appearing that:

1.  On August 15, 2011, this Court dismissed Petitioner's § 2241 petition on the grounds of want of jurisdiction, since Petitioner challenged the enhancement of his federal sentence ordered by the United States District Court for the District of Indiana ("District of Indiana"). See Docket Entry No. 2 (detailing, at length, Petitioner's challenges, the rationale of this Court's legal analysis and its conclusion that Section 2255 was not an "inadequate or ineffective" remedy to address Petitioner's challenges to enhancement of his federal sentence).

2.  On September 6, 2011, Petitioner filed his notice of appeal. See Docket Entry No. 3.  Petitioner's appellate proceedings are currently underway.  See Docket Entries Nos. 4-6.

3.  On October 5, 2011, Petitioner filed his instant "Appellant's Memorandum In Opposition to Summary Judgment," see Docket Entry No. 7, which this Court construes as Petitioner's motion for reconsideration ("Motion").  In his Motion, Petitioner argues that this Court erred in dismissing the Petition for lack of jurisdiction because: (a) Petitioner is of opinion that he is "actually innocent"; and (b) Petitioner is presenting this Court with "new evidence."  See id.  None of these assertions were made in the original Petition.  See, generally, Docket Entry No. 1.

4.  With regard to his newly-minted "actual innocence" position, Petitioner: (a) readily concedes that he, indeed, committed the federal crime for which he was convicted by the District of Indiana and also committed the state offence relied upon by the District of Indiana for the purposes of enhancing his federal sentence; but (b) maintains that, since Petitioner believes that the District of Indiana erroneously relied on his state offence for the purposes of enhancing his federal sentence, Petitioner should be deemed "actually innocent" of the enhancement element underlying his federal sentence.

5.  Analogously, with regard to his newly-minted "new evidence"

position, Petitioner maintains that he offers this Court "new
evidence" because the legal precedent allegedly contradicting
the enhancement ruling reached by the District of Indiana was
entered after Petitioner's Section 2255 challenges were
dismissed by his federal sentencing court; in other words,
Petitioner maintains that he found out about his alleged
"actual-innocence-for-the-purposes-of-sentence-enhancement"
when he already could not raise this challenge by means of
Section 2255 motion.

6.  At the outset of its discussion of Petitioner's latest
assertions, the Court note that Petitioner's current Motion is
untimely[1] and, in addition, under <u>Venen v. Sweet</u>, 758 F.2d
117, 120 (3d Cir. 1985), presented to this Court after the
Court lost its jurisdiction over this Matter.  "[T]he timely
filing of a notice of appeal is an event of jurisdictional
significance, immediately conferring jurisdiction on a Court
of Appeals and divesting a district court of its control over

---

[1] The Local Rules provide that, unless otherwise provided by
statute or rule (such as Fed. R. Civ. P. 50, 52 and 59), a motion
for reconsideration shall be served and filed within 14 days
after the entry of the order or judgment on the original motion.
<u>See</u> Local Civ. R. 7.1(i).  The purpose of a motion for
reconsideration is to correct manifest errors of law or fact or
to present newly discovered evidence.  <u>See</u> <u>Holland v. Holt</u>, 2010
U.S. App. LEXIS 25168 (3d Cir. Dec. 9, 2010) (citing <u>Max's</u>
<u>Seafood Café by Lou-Ann, Inc. v. Quinteros</u>, 176 F.3d 669, 677 (3d
Cir. 1999)).  In this case, Plaintiff's Motion is untimely, as
the face of the Motion does not show that it was handed to prison
officials for mailing to the Clerk within 15 days after entry of
the Court's order dismissing the Petition.

those aspects of the case involved in the appeal." Id.
Therefore, technically, this Court is without jurisdiction to
address Petitioner's challenges raised in his Motion until the
Court of Appeals stays Petitioner's appellate proceedings and
remand Petitioner's claims to this Court for disposition of
his newly-minted challenges. However, recognizing Petitioner's
interests in a speedy resolution of his challenges, as well as
being mindful of the Court of Appeals' interest in processing
appellate cases in an expedited fashion, the Court finds that
the interests of judicial economy warrant this Court's entry
of its decision as to Petitioner's current Motion. The Court,
therefore, will excuse Petitioner's delay in filing his Motion
and will grant Petitioner's request to the extent that it
would address the merits of Petitioner's Motion instead of
simply dismissing it for lack of jurisdiction.[2]

7.   A motion for reconsideration is a device of limited utility.
     There are only four grounds upon which a motion for

_____

     [2]  The Court of Appeals guided that a litigant's motion for
reconsideration should be deemed "granted" when the court (the
decision of which the litigant is seeking a reconsideration of)
addresses the merits — rather than the mere procedural propriety
or lack thereof- of that motion. See Pena-Ruiz v. Solorzano, 281
Fed. App'x 110 at *2-3, n.1 (3d Cir. 2008). However, the fact of
the court's review does not prevent the court performing such
reconsideration analysis (of the original application, as
supplanted by the points raised in motion for reconsideration)
from reaching a disposition identical — either in its rationale
or in its outcome, or in both regards — to the court's decision
previously reached upon examination of the original application.
See id.

reconsideration might be granted: (a) to correct manifest errors of law or fact upon which the judgment was based; (b) to present newly-discovered or previously unavailable evidence; (c) to prevent manifest injustice;[3] and (d) to accord the decision to an intervening change in prevailing law. See 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995); see also Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986) (purpose of motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence). "To support reargument, a moving party must show that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." Assisted Living Associates of Moorestown, L.L.C., v. Moorestown Tp., 996 F. Supp. 409, 442 (D.N.J. 1998). In contrast, mere disagreement

---

[3] In the context of a motion to reconsider, the term "manifest injustice" "[generally . . . means that the Court overlooked some dispositive factual or legal matter that was presented to it," In re Rose, 2007 U.S. Dist. LEXIS 64622, at *3 (D.N.J. Aug. 30, 2007), making the definition an overlap with the prime basis for reconsideration articulated in Harsco, that is, the need "to correct manifest errors of law or fact upon which the judgment was based." Alternatively, the term "manifest injustice" could be defined as "'an error in the trial court that is direct, obvious, and observable.'" Tenn. Prot. & Advocacy, Inc. v. Wells, 371 F.3d 342, 348 (6th Cir. 2004) (quoting Black's Law Dictionary 974 (7th ed. 1999)). "[M]ost cases [therefore,] use the term 'manifest injustice' to describe the result of a plain error." Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1425 (5th Cir. 1996).

with the district court's decision is an inappropriate ground for a motion for reconsideration: such disagreement should be raised through the appellate process. See id. (citing Bermingham v. Sony Corp. of America, Inc., 820 F. Supp. 834, 859 n.8 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994); G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)); see also Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001) (a motion for reconsideration may not be used as a means to reargue unsuccessful theories). Consequently, "[t]he Court will only entertain such a motion where the overlooked matters, if considered by the Court, might reasonably have resulted in a different conclusion." Assisted Living, 996 F. Supp. at 442; see also Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995) ("[M]otions for reconsideration should be granted sparingly"); Edward H. Bohlin, Co. v. Banning Co., Inc., 6 F.3d 350, 355 (5th Cir. 1993) (a district court "has considerable discretion in deciding whether to reopen a case under Rule 59(e)").

8.  Here, Petitioner's Motion asserts that Petitioner is presenting this Court with "newly discovered" evidence. However, the legal precedent upon which Petitioner relies, Begay v. United States, 553 U.S. 137, was entered in 2008, that is, three years prior to Petitioner's filing of his Petition and was, indeed, raised in the Petition. Therefore,

Petitioner's Motion cannot be granted on the basis of his presentment of new and previously unavailable evidence.

9.   However, the invalidity of Petitioner's Motion does not turn on this aspect.  Rather, it ensues from Petitioner's erroneous position that this Court has Section 2241 jurisdiction to address the Petition's challenges because Petitioner believes that he is "actually innocent" for the purposes of the enhancement aspect of his federal sentence.

10.  A claim of "actual innocence" relates to *innocence in fact*, not innocence based on a legal, procedural defect.[4]  A petitioner asserting "actual innocence" must present evidence of innocence so compelling that it undermines the court's confidence in the trial's outcome of his/her *conviction*; only *that* innocence permits him/her to argue the merits of his/her claim.  Therefore, a claim of actual innocence requires the petitioner to show: (a) new reliable evidence not available

---

[4] Before the AEDPA, the Supreme Court held that a petitioner otherwise barred from filing a successive § 2255 motion "may have his federal constitutional claim considered on the merits if he makes a proper showing of actual innocence." Herrera v. Collins, 506 U.S. 390, 404 (1993).  This rule, the fundamental miscarriage of justice exception, is only granted in extraordinary situations, such as where it is shown that the constitutional violations probably resulted in the conviction of one who is actually innocent. See id.; McCleskey v. Zant, 499 U.S. 467, 494 (1991).  The "claim of actual innocence is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Herrera, 506 U.S. at 404.

for presentation at the time of the challenged trial; and (b) that it is more likely than not that no reasonable juror would have *convicted* the petitioner in the light of the new evidence. See House v. Bell, 547 U.S. 518 (2006); Schlup v. Delo, 513 U.S. 298, 324, 327 (1995). In other words, the petitioner must present evidence suggesting that (s)he did not commit the offence for which (s)he was convicted: that is why the Supreme Court, in House, emphasized that the gateway standard for habeas review in claims asserting actual innocence is demanding and permits review only in the "extraordinary" case. See House, 126 S. Ct. at 2077 (citing Schlup, 513 U.S. at 327). Simply put, the "actual innocence" theory does not concern itself with the niceties of shorter or longer sentences, or analogous technicalities: rather, it focuses on ensuring that the person who is wholly innocent of the crime would not be left unduly incarcerated without a remedy, in the event that person obtains proof that (s)he did not commit the offense for which (s)he is being incarcerated.[5]

_____

[5] For instance, in House v. Bell, 547 U.S. 518, the inmate asserted that new evidence conclusively established that semen on the rape-and-murder victim's clothes was that of the victim's husband and indicated that bloodstains on his clothes resulted from spillage from samples of the victim's blood and that the victim's husband was the likely murderer. The Supreme Court held that, while there was no showing of conclusive exoneration, consideration of the inmate's claims was warranted since it was more likely than not that no reasonable juror viewing the record in light of this new evidence would lack reasonable doubt as to the inmate's innocence of his rape and murder conviction,

11. Here, Petitioner does not assert any innocence in fact; on the contrary, he readily concedes that he committed the offence underlying his District of Indiana conviction and also committed the offense underlying his state conviction (which was relied upon by the District of Indiana for the purposes of enhancement of Petitioner's federal sentence). Therefore, Petitioner is not "actually innocent" within the meaning of governing law, and his reliance on the finesse of sentencing regime annunciated in <u>Begay</u> has no relevance to -- and, thus, cannot qualify as "new evidence" of -- his alleged "actual innocence," which is facially lacking here. <u>See</u> <u>Perez v. Samuels</u>, 2007 U.S. Dist. LEXIS 43084 (D.N.J. June 8, 2007) (dismissing a substantively indistinguishable position where a federal inmate conceded that he committed the offense he was convicted of but asserted that he was entitled to litigate his sentence enhancement claims under § 2241 because of his belief that was "actually innocent" for the purposes of the enhancement element of his federal sentence), <u>aff'd</u>, 256 Fed. App'x 443 (3d Cir. 2007).

12. Since Petitioner's newly-minted legal position is facially without merit, his Motion cannot warrant reconsideration of this Court's prior determination. Correspondingly, this

---

especially granted the newly-discovered testimony that the husband confessed to the crime and regularly abused the victim.

Court's prior decision will remain in force.  As this Court

already explained to Petitioner in its prior opinion,

> All [what Petitioner] asserts is that his federal
> sentence was erroneously enhanced.  This Court,
> however, has no § 2241 jurisdiction to second guess
> the decision of Petitioner's federal sentencing
> court: that has been established time and again in
> this Circuit.  See, e.g., Rhines v. Holt, 2011 U.S.
> App. LEXIS 13606 (3d Cir. June 30, 2011) (affirming
> dismissal of § 2241 petition on want of
> jurisdiction grounds where the petitioner – as
> Petitioner here – asserted that he was "actually
> innocent" of the sentence enhancement applied to
> him); United States v. McKeithan, 2011 U.S. App.
> LEXIS 11710 (3d Cir. June 8, 2011) (same); Delgado
> v. Zickefoos, 2011 U.S. App. LEXIS 11468 (3d Cir.
> June 7, 2011) (same, addressing a § 2241 petition
> substantively indistinguishable from the Petition
> at bar); Florez-Montano v. Scism, 2011 U.S. App.
> LEXIS 11308 (3d Cir. June 2, 2011) (same); Edmonds
> v. United States, 2011 U.S. App. LEXIS 9988 (3d
> Cir. N.J. May 16, 2011) (same).  Moreover,
> addressing § 2241 sentence-enhancement challenges
> based expressly on the holding of Begay, the Court
> of Appeals unambiguously concluded that such
> challenges are
>
> > insufficient [to invoke] § 2241. § 2255; see
> > also Cradle v. United States, 290 F.3d 536,
> > 538-39 (3d Cir. 2002).  In Dorsainvil we held
> > that § 2241 can be used to challenge a
> > conviction for a crime that was negated by an
> > intervening change in the law. [See] 119 F.3d
> > at 249.  But such relief is available only in
> > "rare situations" where the crime of
> > conviction was later deemed non-criminal.
> > [See] Okereke v. United States, 307 F.3d 117,
> > 120 (3d Cir. 2002).  Section 2241 is not
> > available for intervening changes in the
> > sentencing law.  Id.  For example, we did not
> > allow Okereke to proceed under § 2241 because
> > his argument was based on "Apprendi [which]
> > dealt with sentencing and did not render . . .
> > the crime for which Okereke was convicted, not
> > criminal."  Id. at 120. 2

> <u>United States v. Kenney</u>, 391 Fed. App'x 169, 172 (3d Cir. 2010) (emphasis supplied, footnote omitted).

Docket Entry No. 2, at 9-11 (emphasis in original).   No statement made in Petitioner's instant Motion alters the above-quoted analysis.

IT IS, therefore, on this  18th  day of   October   , 2011,

ORDERED that the Clerk shall reopen this matter for the purposes of the Court's examination of Petitioner's motion for reconsideration, Docket Entry No. 7, by making a new and separate entry on the docket reading, "CIVIL CASE REOPENED"; and it is further

ORDERED that Petitioner's motion for reconsideration is granted in form and denied in substance, and this Court's prior determination as to Petitioner's challenges shall remain in force, and these challenges shall remain dismissed for lack of jurisdiction; and it is further

ORDERED that the Clerk shall close this matter by making a new and separate entry on the docket reading, "CIVIL CASE CLOSED"; and it is further

ORDERED that this Court expressly withdraws its jurisdiction over this action; and it is further

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner by regular U.S. mail; and it is finally

ORDERED that the Clerk shall serve a copy of this Memorandum

Opinion and Order upon the Clerk of the Court for the United States Court of Appeals for the Third Circuit, accompanying such service with a notation reading, "SERVED IN CONNECTION WITH <u>BROWN V. ZICKEFOOSE</u>, USCA NUMBER 11-3431. SERVICE EXECUTED FOR INFORMATIONAL PURPOSES ONLY."

s/Robert B. Kugler
**Robert B. Kugler,**
**United States District Judge**
